Platzer, Swergold, Levine,
  Goldberg, Katz & Jaslow, LLP
*Proposed Attorneys for Debtor*
475 Park Avenue South, 18th Floor
New York, New York 10016
(212) 593-3000
Clifford A. Katz
Teresa Sadutto-Carley

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 145 FOOD CENTER INC., | Case No. 15-45189 (CEC) |
| Debtor. | |

---------------------------------------------------------x

### APPLICATION FOR AN ORDER AUTHORIZING MAINTENANCE OF PRE-PETITION BANK ACCOUNTS AND BUSINESS FORMS

**TO:  THE HONORABLE CARLA E. CRAIG,
      CHIEF UNITED STATES BANKRUPTCY JUDGE:**

145 Food Center Inc., debtor, (the "Debtor"), by and through its proposed counsel, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP ("PSL"), hereby moves for the entry of an order authorizing the Debtor to Maintain Existing Bank Accounts and Business Forms (the "Application") and respectfully represents as follows:

### I. BACKGROUND

1. On November 16, 2015, the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2. The Debtor continues to manage its assets and business affairs.  No trustee or

examiner has been appointed in this case.

3. As of the date hereof, an Official Committee of Unsecured Creditors has not been formed.

4. The Debtor owns and operates a grocery store.

## II. JURISDICTION

5. This Court has jurisdiction herein pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein is §105(a) of the Bankruptcy Code.

## III. RELIEF SOUGHT AND BASIS FOR SAME

9. Annexed hereto and made a part hereof as Exhibit "A" is a description of the Debtor's bank accounts (the "Accounts") which are maintained at JPMorgan Chase Bank, N.A. The Debtor believes that only if the Accounts are continued with the same account numbers, can the transition into Chapter 11 be smooth and orderly, and thereby create a minimum amount of interference with the Debtor continuing its operations. Of course, no checks issued prior to November 16, 2015 are to be honored except as otherwise may be ordered by the Court. By preserving business continuity and avoiding the operational and administrative paralysis that closing the Accounts and opening new accounts would necessarily create, all parties-in-interest, including, but not limited to employees, vendors and customers, will be best served and the benefit to the estate generally will be considerable. The confusion that would otherwise result could only ill-serve this Chapter 11 estate.

10. By virtue of the nature and scope of the business in which the Debtor is engaged and the numerous suppliers and vendors of goods and services and others with whom the Debtor deals with, which include but not limited to, various credit card companies, the NYS WIC

Program and other social service programs, it is imperative that the Debtor be permitted to continue to use its existing Accounts and business forms without alteration or change. The Debtor believes that the "doctrine of necessity" amply justifies the continued use of its existing Accounts and business forms without alteration or change.

11. The Debtor will be caused great hardship if it is required to substitute new debtor-in-possession accounts for the existing Accounts as set forth on Exhibit "A" hereto. The Debtor is paid for its good and services through deposits made into the Accounts by several social service programs which includes the NYS WIC Program and from various credit card companies including American Express, Visa and Mastercard. Finally, the Debtor's bank account ending in #1265 is specifically maintained for the New York State Lotto. The Debtor is an authorized lotto vendor and all moneys received with respect to the tickets sold on behalf of the New York State Lotto are deposited into the account ending in #1265. If the Debtor is unable to continue use of these Accounts it will suffer from the delays, confusion and disruption that would necessarily result.

12. The Debtor will seek to obtain the consent of the Office of the United States Trustee with respect to this Application. It is submitted that no other notice hereof is required.

13. Accordingly, the Debtor requests that:

    (i) it be authorized to maintain and continue to use the Accounts;

    (ii) the Accounts be treated for all purposes as a debtor-in-possession account;

    (iii) it be authorized to use, in their present form, existing business forms, payroll related documents, and checks, except that the checks shall bear the debtor-in-possession or D-I-P legend; and

    (iv) the banks servicing the Accounts, be authorized and directed to continue

to service and administer the Accounts.

14. The Debtor requests the waiver of the necessity of an accompanying memorandum of law as no novel issues are presented herein.

15. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully prays for the entry of an order providing for the relief sought herein and for such other and further relief as is just and proper.

Dated: New York, New York
      November 18, 2015      **PLATZER, SWERGOLD, LEVINE,**
                                          **GOLDBERG, KATZ & JASLOW, LLP**
                                          Proposed Attorneys for the Debtor

                                          By:  /s/ Teresa Sadutto-Carley
                                                Clifford A. Katz
                                                Teresa Sadutto-Carley
                                                475 Park Avenue South, 18th Floor
                                                New York, New York 10016
                                                (212) 593-3000

EXHIBIT "A"

| Bank | Type of Account | Account # |
|---|---|---|
| JP Morgan Chase Bank, N.A. | Checking | xxxxxxxxxx6265 |
| JP Morgan Chase Bank, N.A. | Checking | xxxxxxxxxx1265 |